UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| Kingsley Obi,<br><br>individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　　　　　　　　　Plaintiff,<br><br><br>　　　-v.-<br><br>Alltran Education, Inc.,<br>and John Does 1-25.<br><br>　　　　　　　　　　　　　　　　　　　Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Kingsley Obi brings this Class Action Complaint by and through his attorneys, Stein Saks PLLC, against Defendant Alltran Education, Inc. ("Alltran"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.　　The Fair Debt Collection Practices Act ("FDCPA') was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* It concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692 (b) & (c).

1

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate. *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of North Dakota, County of Cass, residing at 2620 14th Street S, Apt. 36A, Fargo, ND 58103.

8. Defendant Alltran is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 6506 S Lewis Ave. Ste. 260, Tulsa, OK 74136 and can be served process on C T Corporation System located at 120 W Sweet Avenue Bismarck, ND 58504.

9.       Upon information and belief, Defendant Alltran is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10.      John Does 1-25 are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11.      Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12.      The Class consists of:

   a. all individuals with addresses in the State of North Dakota;

   b. to whom Defendant Alltran sent a collection letter;

   c. attempting to collect a consumer debt;

   d. that states an amount owed for "Fees & Other Non-Collection Charges";

   e. without explaining what these charges consist of;

   f. which letter was sent on or after a date one year prior to the filing of this action and on or before a date twenty-one days after the filing of this action.

13.      The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14.      Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate

families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communication to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

> a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.
>
> b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communication to consumers, in the forms **attached as Exhibit A**, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

    c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats the above allegations as if set forth here.

21. Some time prior to February 18, 2020, Plaintiff allegedly incurred an obligation to the University of Northern Iowa.

22. The obligation arose out of a transaction in which money, property, insurance or services were incurred for personal purposes, specifically personal educational services from the University of Northern Iowa.

23. The alleged University of Northern Iowa obligation is a "debt" as defined by 15 U.S.C. § 1692a (5).

24. University of Northern Iowa is a "creditor" as defined by 15 U.S.C. § 1692a (4).

25. University of Northern Iowa contracted with the Defendant to collect the alleged debt.

26. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation - February 18, 2020 Collection Letter*

27. On or about February 18, 2020, Defendant sent the Plaintiff a collection letter regarding the alleged debt owed to University of Northern Iowa, a copy of which is attached as Exhibit A.

28. The collection letter states:

>Principal: $999.00
>Interest: $218.82
>Collection Cost: $413.04
>Fees and Other Non-Collection Charges: $21.24
>Total Balance: $1,652.10

29. The letter does not explain the term "Fees and Other Non-Collection Charges" and Plaintiff has no way of determining what the "Fees and Other Non-Collection Charges" may be.

30. Plaintiff has no basis to determine which "Fees and Other Non-Collection Charges" could impact the total balance in addition to interest and collection costs.

31. Furthermore, upon information and belief, the amount of the "Collection Cost" is not authorized by agreement or otherwise permitted.

32. Defendant unfairly attempted to collect an amount that is not provided in the contract or by law.

33. The letter further states, "Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater."

34. In fact, however, there are no other charges that vary from day to day.

35. If Defendant is aware of "other charges" that would increase the balance, Defendant should clarify and explain them in the letter.

36. Plaintiff is unable to evaluate how much is owed, and what charges may actually be included in the overall balance at the time of payment.

37. As a result of Defendant's unfair, deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

38. Plaintiff repeats the above allegations as if set forth here.

39. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

40. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

41. Defendant violated said section by:

    a. Making a false and misleading representation in violation of but not limited to §1692e (10);

    b. Falsely representing the amount of the debt in violation of § 1692e (2)(A);

    c. Falsely threatening to increase the balance of the debt when such action could not legally be taken or was not intended to be taken.

42. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e, *et seq.* of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

43. Plaintiff repeats the above allegations as if set forth here.

44. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

45. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

46. Defendant violated this section by

    a. Attempting to collect amounts not authorized by contract or by law in violation of § 1692f (1).

47. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f, *et seq*. of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq*.

48. Plaintiff repeats the above allegations as if set forth here.

49. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

50. Pursuant to 15 USC §1692g:

    Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

    1. The amount of the debt; …

51. Defendant violated 15 U.S.C. §1692g by failing to properly state the amount owed.

52. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

53. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Kingsley Obi, individually and on behalf of all others similarly situated, demands judgment from Defendant Alltran as follows:

i. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Yaakov Saks, Esq. as Class Counsel;

ii. Awarding Plaintiff and the Class statutory damages;

iii. Awarding Plaintiff and the Class actual damages;

iv. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

v. Awarding pre-judgment interest and post-judgment interest; and

vi. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: November 5, 2020　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　*/s/* Yaakov Saks
　　　　　　　　　　　　　　　　　　　　　By:  Yaakov Saks, Esq.
　　　　　　　　　　　　　　　　　　　　　**Stein Saks, PLLC**
　　　　　　　　　　　　　　　　　　　　　285 Passaic Street
　　　　　　　　　　　　　　　　　　　　　Hackensack, NJ 07601
　　　　　　　　　　　　　　　　　　　　　Phone: 201-282-6500 x101
　　　　　　　　　　　　　　　　　　　　　Fax: 201-282-6501
　　　　　　　　　　　　　　　　　　　　　Email: ysaks@steinsakslegal.com
　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*